# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TERRI LYNN TODD,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, and STRYKER SALES CORPORATION, Michigan Corporations,<br><br>Defendants. | CASE NO. 2:09-cv-01509-JAM-GGH<br><br>Related to:<br>*Phillippi v. Stryker Corporation, et al.*, Case No. 2:08-cv-02445-JAM-GGH; and<br>*Combs, et al. v. Stryker Corporation, et al.* Case No. 2:09-cv-02018-JAM-GGH; and<br>*Butler v. Stryker Corporation, et al.* Case No. 2:09-cv-02255- JAM-GGH |

## AGREED PROTECTIVE ORDER

Pursuant to the stipulation of the parties, the Court finds that good cause exists for the entry of this Agreed Protective Order in that the preparation and trial of this action will require the discovery of documents, testimony, information, or things claimed by one or more of the parties to contain confidential personal, business, or commercial information, and the ends of justice will be served by entry of an order setting forth procedures for and rules governing discovery, copying, use and return of documents, deposition transcripts, interrogatory answers and other materials.

PDF created with pdfFactory trial version www.pdffactory.com

Accordingly,

**<u>IT IS HEREBY ORDERED, ADJUDGED AND DECREED:</u>**

1. Irrespective of the form in which discovery materials are produced, including printed or electronically recorded documents, in connection with the discovery process in the above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks, the parties may designate any such materials as "confidential" or "confidential discovery material", under the terms of this stipulated order.

2. The parties to this order may designate as "Confidential" or "Trade Secret," pursuant to the terms of this order, documents or other discovery material to the extent they consist of or include trade secret or confidential research, development, or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy law, as well as any other type of information given confidential status by the court.

3. Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as "**Confidential**" or "**Trade Secret**" in such a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential discovery material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page stamped "**Confidential Information Governed By Protective Order**" by the court reporter. For

2

LA/974960v1

PDF created with pdfFactory trial version www.pdffactory.com

1  convenience, the parties may agree that entire deposition transcripts shall be treated as confidential
2  discovery material.

3       6.    If at any time prior to the trial of this action a party realizes that previously
4  undesignated documents or other material should be designated as confidential discovery material,
5  the party may so designate by advising all other parties in writing. The designated documents or
6  material will thereafter be treated as confidential discovery material pursuant to this order. However,
7  no party shall be penalized in any way for disclosing such materials prior to receiving notice of this
8  belated realization.

9       7.    No person subject to this order other than the designating party shall disclose any
10  confidential discovery material to any other person, except as follows:

11     (b.)    Counsel for the parties in this action, including any paralegal, clerical, consulting,
12           professional and other staff employed or retained by counsel for work on this action;

13     (c.)    With respect to a specific document, the document's author, addressees, and any
14           other person shown on the face of the document as having received a copy;

15     (d.)    Any witness who counsel for a party in good faith believes may be called to testify at
16           trial or deposition in this action, provided such person has first executed a non-
17           disclosure agreement in the form attached to this order;

18     (e.)    Any person retained by a party to serve as an expert consultant or witness or
19           otherwise provide specialized advice to counsel in connection with this action,
20           provided such person has first executed a non-disclosure agreement in the form
21           attached;

22     (f.)    Official court reporters;
23     (g.)    The court, mediators, and support personnel; and
24     (h.)    Insurers and indemnitors to the extent reasonably necessary to defend and evaluate
25           plaintiffs' claim.

26       8.    Prior to any disclosure of confidential discovery material to any person referred to in
27  subparagraphs (c) or (d) of paragraph 7 above, the person shall be provided by counsel with a copy
28  of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1

PDF created with pdfFactory trial version www.pdffactory.com

hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained through out this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion.

9. To the extent allowed by applicable law, the parties will file a motion to have all confidential discovery material filed under seal, including any portion of a court paper that discloses confidential discovery material. When filing the motion, the parties will cite to the court the legal grounds for filing the confidential discovery material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

10. If any attorney files with or submits to the court any confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such confidential documents, responses, transcripts or things, or any information contained therein, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the confidential information while leaving other non-confidential information meaningful. If so, redacted versions of such material shall be filed with the court according to the standard filing procedures.

11. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as "**Confidential**" or "**Trade Secret**" shall remain as confidential discovery material pursuant to this order. The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality.

4

LA/974960v1

PDF created with pdfFactory trial version www.pdffactory.com

12. The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

13. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14. This order shall survive the termination of this action. Within 30 days of the final disposition of this action, all confidential discovery material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, destroyed; however, if objections to confidentiality are then asserted, return of the confidential discovery material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

15. The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

16. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

17. Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

18. The manufacturers and distributors of the pain pumps may designate any documents or other discovery material as "**Trade Secret**" by stamping or otherwise clearly marking as "**Trade Secret**" the protected material in a manner that will not interfere with the legibility or audibility. Any discovery material designated as "**Trade Secret**" shall be treated in all respects as confidential discovery material. With respect to the manufacturers and distributors of the pain pumps, the trade secret discovery material shall only be produced to counsel (including in-house counsel) as defined in paragraph 7(a) and not any other employees of those parties. The purpose of this paragraph is to

5

LA/974960v1

PDF created with pdfFactory trial version www.pdffactory.com

1  prevent manufacturers and distributors of pain pumps from having access to the other's trade secret
2  discovery material, except as needed by counsel defending this action.

3      19.  Information of any kind obtained by parties subject to this order from any source
4  outside of discovery in this action shall not be subject to the terms of this order, notwithstanding that
5  the same information has been produced in this action and designated as confidential discovery
6  material.

7      20.  This order shall not apply to, or restrict confidential discovery material used at the time
8  of trial as evidence.  Protection of confidential discovery material at trial may be addressed by the
9  court as a separate matter upon the motion of any party.  The provisions of this order shall not
10 prejudice the rights of the parties with respect to the use or protection of confidential discovery
11 material at trial.

12     21.  The medical and financial records of plaintiffs shall be deemed "confidential" under this
13 order without each page being marked as such.

14 **IT IS SO ORDERED.**

16 Dated this 8th day of July, 2010.

19     /s/ John A. Mendez
20     U. S. DISTRICT COURT JUDGE

6

LA/974960v1

PDF created with pdfFactory trial version www.pdffactory.com